**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38928**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 416** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: March 28, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KRISTEN MICHELLE LUTZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Kristen Michelle Lutz pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court sentenced Lutz to a unified term of seven years, with a minimum period of confinement of three years, and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the underlying sentence and placed Lutz on probation. Lutz appeals, contending her underlying sentence is excessive.

At the sentencing hearing, Lutz's counsel requested an underlying sentence of seven years, with three years determinate. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v.*

1

*Olson*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009); *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985). One may not complain of errors one has consented to or acquiesced in. *Thomson*, 147 Idaho at 106, 205 P.3d at 1242; *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). In short, invited errors are not reversible. *Thomson*, 147 Idaho at 106, 205 P.3d at 1242; *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions, as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). As such, Lutz invited any error relative to the length of her underlying sentence and may not assert error on appeal.

Despite any invited error, Lutz has failed to demonstrate the district court abused its discretion. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Lutz's judgment of conviction and sentence are affirmed.